IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JENNIFER DENISE WILSON
and WANDA J. RIDGEWAY                                               PLAINTIFFS

v.                                          CIVIL ACTION NO. 2:18-cv-105-KS-MTP

CMH HOMES, INC. ET AL.                                              DEFENDANTS

## ORDER

THIS MATTER is before the Court on the Motion for Substitution [33] filed by Plaintiff Jennifer Denise Wilson. Having carefully considered the Motion, the Court finds that it should be denied.

On December 4, 2018, Plaintiff Wanda J. Ridgeway died. On January 3, 2019, Defendant Vanderbilt Mortgage and Finance, Inc. filed a Suggestion of Death [23], asserting that Plaintiff Wanda J. Ridgeway died. On April 3, 2019, Plaintiff Wilson filed the instant Motion, seeking an order substituting the "Personal Representative of the Estate of Wanda J. Ridgeway in this action as Plaintiff in place of Plaintiff Wanda J. Ridgeway." Plaintiff states that Ridgeway's family "is working to get their affairs together following the devastating loss of Wanda J. Ridgeway."

Pursuant to Federal Rule of Civil Procedure 25, a party may move for substitution upon the death of any party. In pertinent part, Rule 25 provides as follows:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

1

Plaintiff does not identify the particular individual she wishes to substitute as a party. Instead, Plaintiff seeks to substitute an unnamed personal representative as a party. In her Motion, Plaintiff cites a Mississippi Court of Appeals opinion stating that Mississippi courts allow a party to substitute a "Personal Representative of the Estate of the Decedent" pursuant to Mississippi Rule of Civil Procedure 25. This Court, however, must apply the federal rules and federal law, rather that state law, in determining the proper procedure for substitution following a party's death. *See Ransom v. Brennan*, 437 F.2d 513, 520 (5th Cir. 1971) ("Since Rule 25 is a valid procedural rule, it therefore follows that the terms of Rule 25, and the federal court decisions interpreting its meaning, control the manner of effecting substitution in the federal courts.").[1]

In this Court, the proper method for addressing difficulties in locating or identifying a successor representative is to seek an extension of time pursuant to Fed. Rule Civ. P. 6,[2] not to substitute an unnamed personal representative as a party. *See Ray v. Koester*, 215 F.R.D. 533, 534-35 (W.D. Tex. 2003), *aff'd*, 85 Fed. App'x 983 (5th Cir. 2004). In *Ray*, the plaintiff was attempting to substitute a successor representative for a deceased defendant and the court acknowledged the concern that a party may suffer dismissal due to difficulties in locating or identifying a successor representative. *Id*. That court found that an extension under Rule 6 "is the proper solution to this concern." *Id*. at 534 (citing *Unicorn Tales, Inc. v. Banerjee*, 138 F.3d

---

[1] Although federal rules establish the proper method for the substitution of parties, "[t]he question of *who* is a proper party is a substantive issue, for which we must rely upon state law." *In re Baycol Products Litigation*, 616 F.3d 778, 787-88 (8th Cir. 2010).

[2] Rule 6(b)(1) provides as follows: "When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect."

467, 470 (2d Cir. 1998) ("Plainly, then, if there was an inability or a significant difficulty in identifying [defendant's] legal representative or successor, a motion could be brought under Rule 6(b) to enlarge the time in which to file the motion for substitution.").

Adding an unidentified party as a representative of the deceased accomplishes no discernable objective and does not allow this matter to proceed. Thus, the Motion will be denied. The Court, however, will grant Plaintiff a thirty-day extension to identify a successor representative and file a proper motion for substitution.[3]

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's Motion for Substitution [33] is DENIED without prejudice.

2. The deadline for any party or the decedent's representative to file a motion for substitution concerning decedent, Wanda J. Ridgeway, is extended to May 9, 2019.

SO ORDERED this the 9th day of April, 2019.

                                           s/Michael T. Parker
                                           UNITED STATES MAGISTRATE JUDGE

---

[3] The Court notes that the difficulties facing the plaintiff in *Ray* do not appear to be present in this case as Plaintiff Wilson seeks to substitute a successor representative for a deceased co-plaintiff. Thus, Plaintiff should be aware that the Court may not grant further extensions absent a clear showing of good cause.